# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-887V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ALEX BECHEL and TESS BECHEL, | \* | |
| *Parents of* G.J.B*., a minor*, | \* | Chief Special Master Corcoran |
| | \* | |
| Petitioners, | \* | Filed:  November 30, 2023 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Isaiah Kalinowski*, Bosson Legal Group, Fairfax, VA, for Petitioner.

*Colleen Clemons Hartley,* U.S. Department of Justice, Washington, DC, for Respondent.

### <u>DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS</u>[1]

On July 26, 2016, Alex and Tess Bechel filed a petition as parents of G.J.B., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners alleged that G.J.B. experienced encephalopathy, epilepsy, seizures, delirium, confusion, altered mental state, and other injuries due to the administration of several childhood vaccines on July 29, 2013. Petition (ECF No. 1) at 1–2.

After Petitioners' initial counsel withdrew, it was determined by the parties that the case should instead be resolved on the papers. *See* Order, dated Feb. 11, 2022 (ECF No. 68). After reviewing the overall record and the parties' briefs, I issued a decision denying entitlement on May 22, 2023. *See* Decision, dated May 22, 2023 (ECF No. 86) ("Decision"). Petitioner moved for

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986. Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

review of my decision (ECF No. 90), but the motion was denied on November 20, 2023. ECF No. 94.

Present counsel has now filed a final fees request for the work performed since his appearance in the matter. Motion, dated Nov. 21, 2023 (ECF No. 95) ("Final Fees Mot."). (Petitioners previously requested an interim award of attorney's fees and costs in March 2022, and were granted $85,691.33 for the work of their prior attorney. Decision—Interim Attorney's Fees and Costs, dated Aug. 1, 2022 (ECF No. 78)). Petitioners request a total of $78,782.40 in attorney's fees and costs ($78,640.00 in fees, plus $142.40 in costs) for the work of their attorney, Mr. Isaiah Kalinowski, and his paralegal from February 2022 through and including November 2023. Final Fees Mot. at 2, 6–11. Respondent reacted to the fees request on November 21, 2023. *See* Response, dated Nov. 21, 2023 (ECF No. 97). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioners filed a reply further supporting their request. *See* Reply, dated Nov. 21, 2023 (ECF No. 98).

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of $78,782.40.

## ANALYSIS

### I.      Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3. 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim* itself—counsel's conduct in prosecuting the claim is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed,

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioners' claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle them to a fees and costs award. The claim offered a reasonably-sound medical concept to support the causation theory, and (more importantly) there was more than sufficient objective record evidence to substantiate aspects of the claim, despite its dismissal. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. V. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for their attorney and support staff, based on the years work was performed:

|  | **2022** | **2023** |
|---|---|---|
| **Isiah Kalinowski (Attorney)** | $430.00 | $445.00 |
| **Paralegal** | $160.00 | -- |

ECF No. 95-1 at 1–7

Mr. Kalinowski practices in the Washington, D.C., metropolitan area—a region that has been deemed "in forum," making him entitled to commensurate rates established in *McCulloch*. *See Brock v. Sec'y of Health & Hum. Servs.*, No. 18-399V, 2020 WL 1815766, at *2 (Fed. Cl. Spec. Mstr. Mar. 10, 2020). The requested rates for Mr. Kalinowski and his paralegal are also consistent with what has previously been awarded, and are in accordance with the Office of Special Masters' fee schedule.[5] *Godfrey v. Sec'y of Health & Hum. Servs.*, No. 17-1419V, 2023 WL 5666162 (Fed. Cl. Spec. Mstr. Aug. 15, 2023). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Nov. 30, 2023).

Petitioner seeks $142.40 in costs, including PACER fees, medical literature retrieval costs, and costs associated with parking related to oral argument on the motion for review asserted in this matter. Such costs are typical in the Vaccine Program and are thus eligible for reimbursement, and I do not find any of the amounts at issue questionable. Thus, they shall also be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs, and award a total of **$78,782.40**, reflecting $78,640.00 in attorney's fees and $142.40 in costs, in the form of a check made jointly payable to Petitioners and their attorney, Mr. Isaiah Kalinowski.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.